**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **VOLKSWAGEN AG, AUDI AG, and VOLKSWAGEN GROUP OF AMERICA, INC.,** )<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| ) | |
| **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** )<br>)<br>) | |
| **Defendants.** )<br>)<br>)<br>) | |

## VERIFIED COMPLAINT

Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG, (collectively "Plaintiffs" or "Volkswagen and Audi"), by counsel, allege as follows for their Verified Complaint against the Defendant Unincorporated Associations identified in Schedule A (collectively "Defendants").[1]

## NATURE OF THE SUIT

1.      Volkswagen and Audi file this action to combat online counterfeiters who trade upon their world-renowned reputations by selling unauthorized and unlicensed counterfeit products using counterfeit versions of Volkswagen's and Audi's federally-registered trademarks

---

[1] As set forth in Plaintiffs' Motion to Seal and for the reasons set forth in its Ex Parte Motion for Temporary Restraining Order, temporarily sealing the names of the Defendants is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order, and the likelihood that Defendants would transfer all funds out of U.S.-based accounts upon receiving notice of this action.

(the "Counterfeit Volkswagen and Audi Products"). Defendants create hundreds of eBay auctions and design them to appear as selling genuine Volkswagen and Audi products, while instead selling Counterfeit Volkswagen and Audi Products to unknowing consumers. Defendants attempt to avoid liability by concealing their identities and the full scope and interworking of their counterfeiting operations. Volkswagen and Audi are forced to file this action to combat Defendants' unauthorized use of their registered trademarks, as well as to protect unknowing consumers from purchasing the inferior Counterfeit Volkswagen and Audi Products. Volkswagen and Audi have been, and continue to be, irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' willful actions, and seek injunctive and monetary relief.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. §1121.

3.      Plaintiffs' claims against Defendants for counterfeiting, trademark infringement, false designation of origin, and trademark dilution are based on Defendants' misuse of Volkswagen's and Audi's trademarks to market and sell Counterfeit Volkswagen and Audi Products, Defendants' sale and shipment of such counterfeit products to consumers in this District, and, on information and belief, Defendants' use of instrumentalities in the District to promote and sell Counterfeit Volkswagen and Audi Products including through use of online marketplaces, such as eBay.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Virginia and this

District, through at least the Online Marketplace Accounts/Internet Stores identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are seeking to do business with this District's residents by operating one or more commercial Defendant Internet Stores through which Virginia residents can purchase products using counterfeit versions of Plaintiffs' trademarks. Each of the Defendants has targeted sales from Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accept payment in U.S. dollars. Plaintiffs confirmed that Defendants ship their Counterfeit Volkswagen and Audi Products to this District by requesting shipping information from each of the Defendants' Internet Stores. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Virginia.

## **PARTIES**

**Plaintiffs**

5.     Audi AG ("Audi") is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany.

6.     Volkswagen AG ("Volkswagen") is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany.

7.     Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia.

8.     Under agreement with Audi and Volkswagen, Volkswagen Group of America, Inc. polices, enforces, and promotes Audi's and Volkswagen's trademarks in the United States.

9.     Volkswagen and Audi are both world-famous automobile manufacturers that sell Volkswagen and Audi automobiles, genuine parts, and accessories ("Volkswagen and Audi

Products") through a network of licensed Volkswagen and Audi dealerships throughout the United States.

10.     The distinctive trademarks of Volkswagen and Audi symbolize each brand's marketability, reputation, and goodwill. For example, it was noted that there is a "close emotional bond between the Volkswagen brand, its customers and [Volkswagen's] products."[2] Audi's products evoke a similar emotional reaction among consumers. The magazine Fast Company concluded that "Audi drivers are the most attached and personally connected to their car brand."[3] And Interbrand, a global consulting firm, recently ranked both Volkswagen and Audi 38th and 40thth, respectively, on a list of the most recognizable global brands.[4] Volkswagen and Audi have achieved this level of recognition through their philosophy of manufacturing competence, innovation, and quality.

11.     Volkswagen incorporates a variety of distinctive trademarks in the design of its vehicles, vehicle parts, and vehicle accessories. Volkswagen uses its trademarks in connection with the marketing of VW vehicles, accessories, parts, and services. Volkswagen is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "VW Trademarks":

---

[2] *See* Press Release, "New Volkswagen campaign puts the focus on people," Feb. 3, 2016, https://www.volkswagen-media-services.com/en/detailpage/-/detail/New-Volkswagen-campaign-puts-the-focus-on-people/view/3154886/7a5bbec13158edd433c6630f5ac445da (last accessed August 28, 2017).

[3] *See* Rae Ann Fera, "Audi Drivers Are More Attached To Their Car Than Anyone Else," Nov. 19, 2014, https://www.fastcompany.com/3038819/audi-drivers-are-the-most-attached-to-their-cars-according-to-brand-dependence-index (last accessed August 28, 2017).

[4] *See* Interbrand.com, "Best Global Brands 2016 Ranking," http://interbrand.com/best-brands/best-global-brands/2016/ranking/ (last accessed August 28, 2017).

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0653695 | VW | October 29, 1957 | 44(E) | Automobiles and accessories for automobiles |
| 2100963 | | September 30, 1997 | March 1, 1995 | Automobiles and structural parts therefor, namely . . . hub caps. . . |
| 2818615 | VW | March 2, 2004 | 44(E) | Automobiles . . . wheel hubs . . . hub caps . . . |
| 2849974 | | June 8, 2004 | 44(E) | Automobiles . . . wheel hubs . . .hub caps . . . hubs for vehicle wheels . . . |
| 2987620 | | August 23, 2005 | 66A | Automobiles . . . wheel hubs . . . hub caps . . . hubs for vehicle wheels |
| 2992649 | VW | September 6, 2005 | 66A | Automobiles . . . structural and replacement parts |

12.     The VW Trademarks have been used exclusively and continuously by Volkswagen for over 50 years, and have never been abandoned. The above U.S. registrations for the VW Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office, are attached hereto as Exhibit 1. The registrations for the VW Trademarks constitute *prima facie* evidence of their validity and of Volkswagen's exclusive right to use the VW Trademarks pursuant to 15 U.S.C. § 1057(b).

5

13.     Of the thousands of parts incorporated into Volkswagen vehicles, few parts have come to symbolize the brand as much as Volkswagen's distinctive center wheel caps ("VW Center Caps"). An example of a genuine center cap for a Volkswagen JETTA is shown below:[5]



14.     Nearly every Volkswagen vehicle features a VW Center Cap prominently displaying the Volkswagen VW® mark. And the VW Center Caps play a pivotal role in the unique design and branding of Volkswagen vehicles because they prominently feature Volkswagen's world-renowned Volkswagen VW® mark and are highly visible from the outside of the vehicle.

15.     Volkswagen spends billions of dollars in advertising, promoting, and developing its trademarks and trade dress, including without limitation, the distinctive and famous Volkswagen VW® mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the VW Trademarks are world famous and associated by the consuming public exclusively with Volkswagen.

---

[5] *See* https://parts.vw.com/p/Volkswagen_2016_Jetta/Alloy-Wheel-Center-Cap/63619833/3B7601171XRW.html (last accessed October 20, 2017).

16.     The VW Trademarks perform an important source-identifying function as applied to parts and accessories relating to automobiles, signifying to the purchaser that the products come from Volkswagen and are manufactured to Volkswagen's high-quality standards. Volkswagen has established considerable goodwill in its trademarks and trade dress; the goodwill associated with the VW Trademarks is of incalculable and inestimable value.

17.     Audi similarly incorporates a variety of distinctive marks in the design of its vehicles, vehicle parts, and vehicle accessories. Audi uses its trademarks in connection with the marketing of Audi vehicles, accessories, parts, and services. Audi is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Audi Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0906525 |  | January 26, 1972 | June 1955 | Automobiles, wheel caps |
| 3007305 |  | October 18, 2005 | December 31, 1970 | Automobile wheels |
| 3201037 |  | January 23, 2007 | January 22, 1936 | Automobiles and structural parts therefor |
| 0708352 | AUDI | December 13, 1960 | 44(E) | Automobiles and structural parts thereof |
| 2083439 |  | July 29, 1997 | April 1995 | Automobiles and structural parts therefor |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 4284786 | ⬭⬭⬭⬭ **Audi** | February 5, 2013 | 44(E) | Vehicles and their structural parts |

18.     The Audi Trademarks have been used exclusively and continuously by Audi for decades, and have never been abandoned. The above U.S. registrations for the Audi Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct "status" copies of these registrations, obtained from the TSDR database of the United States Patent and Trademark Office for the above-listed Audi Trademarks, are attached hereto as Exhibit 2. The registrations for the Audi Trademarks constitute *prima facie* evidence of their validity and of Audi's exclusive right to use the Audi Trademarks pursuant to 15 U.S.C. § 1057(b).

19.     Few parts have come to symbolize Audi's brand as much as Audi's distinctive center wheel caps ("Audi Center Caps"). An example of a genuine center cap for an Audi A4 is shown below:[6]



20.     Nearly every Audi vehicle features an Audi Center Cap prominently displaying the Audi Four Rings mark. The Audi Center Caps play a pivotal role in the unique design and

---

[6] https://parts.audiusa.com/p/Audi__A5/Center-cap-Wheel-Cap/49158630/8T0601170.html.

branding of Audi vehicles because they prominently feature Audi's world-renowned Audi Four Rings mark and are highly visible from the outside of the vehicle.

21.     Like Volkswagen, Audi has also spent billions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks and trade dress, including without limitation, the distinctive and famous Audi Four Rings mark throughout the world. As a result of such advertising and expenditures, and significant sales of Audi products in the U.S. and worldwide, the Audi Trademarks are world-famous and associated by the consuming public exclusively with Audi.

22.     The Audi Trademarks perform an important source-identifying function as applied to parts and accessories relating to automobiles, signifying to the purchaser that the products come from Audi and are manufactured to Audi's high-quality standards. Audi has established considerable goodwill in its trademarks and trade dress; the goodwill associated with the Audi Trademarks is of incalculable and inestimable value to Audi.

23.     Hereinafter the term "Plaintiffs' Trademarks" shall refer to, collectively, the Audi Trademarks and the VW Trademarks.

**The Defendants**

24.      Defendants are individuals and business entities who, upon information and belief, reside in China. Defendants conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation of online marketplaces, such as eBay. Each Defendant targets the United States, including Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit VW Center Caps, and Counterfeit Audi Center Caps to consumers within the United States, including the State of Virginia and this District.

25.     On information and belief, Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Plaintiffs' Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Defendants each use similar or the same pictures and descriptions of the Counterfeit Volkswagen and Audi Products in their Online Marketplaces. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

26.     Unfortunately, the success of the Volkswagen and Audi brands has resulted in significant counterfeiting of vehicle parts and accessories. Consequently, Plaintiffs have instituted a worldwide anti-counterfeiting program designed to regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Plaintiffs' enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate nearly $500 billion in global online sales annually.[7] According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods

---

[7] *See* Alanna Petroff, "The Fakes Industry is worth $461 billion," April 18, 2016, http://money.cnn.com/2016/04/18/news/economy/fake-purses-shoes-economy-counterfeit-trade/index.html (last accessed August 28, 2017).

seized by the U.S. government in fiscal year 2016 was over $1.38 billion.[8] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

27.     Recently, Plaintiffs became aware of Defendants' online sales of Volkswagen and Audi Products, and strongly suspected such goods were counterfeit. These goods were priced at substantially lower prices than genuine Volkswagen and Audi Products. The goods appeared to be stamped with genuine Volkswagen and Audi product numbers, stated they were intended to fit original Volkswagen and Audi wheel rims, and included an indication that the parts were "Made in Germany." So, in October 2017, Plaintiffs reviewed offerings from each of the Defendant Internet Stores to determine their authenticity. Copies of the eBay listings of Defendants' Counterfeit Volkswagen and Audi Product auctions are attached as **Exhibit 3**. This review led to the determination that the products offered by the Defendant Internet Stores were, in fact, Counterfeit Volkswagen and Audi Productions. Additionally, through this comprehensive review process, Plaintiffs also learned of each of the Defendant's email addresses and PayPal accounts, which are listed in Schedule A to this Complaint.

28.     On information and belief, Defendants reside in China and utilize Defendant Internet Stores to sell Counterfeit Volkswagen and Audi products.

29.     On information and belief, Defendants act in concert to make and distribute the Counterfeit Volkswagen and Audi Products to the United States. These tactics include similar pricing structures, similar descriptions of the Counterfeit Volkswagen and Audi Products, and similar payment methods.

---

[8] *See* Homeland Security, "Intellectual Property Rights Seizure Statistics: Fiscal Year 2016, https://www.cbp.gov/sites/default/files/assets/documents/2017-Oct/FY2016%20IPR% 20Stats%20Book.pdf (2017).

30.      In October 2017, Defendants offered to ship the goods into this Judicial District. Images of the shipping page from each of the Defendant Internet Stores are attached as Exhibit 3. Photographs of Defendants' Counterfeit Volkswagen and Audi Products as offered are shown in Exhibit 3.

31.      Volkswagen Group of America, Inc. has inspected the goods offered by Defendants and has determined that they are counterfeit. Defendants' Counterfeit Volkswagen and Audi Products are nothing more than cheap, low quality imitations of Volkswagen's and Audi's genuine products. Further, on information and belief, these parts were not "Made in Germany" as their markings indicate, but instead are manufactured in China.

32.      Defendants facilitate their sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants further perpetuate the illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Plaintiffs have not licensed or authorized Defendants to use any of the Plaintiffs' Trademarks, and none of the Defendants are authorized retailers of genuine Volkswagen and/or Audi Products.

33.      Defendants also deceive unknowing consumers by using Plaintiffs' Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Volkswagen and/or Audi Products. On information and belief, Defendants show Plaintiffs' Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Volkswagen and/or Audi Products.

34.     Further, on information and belief, Defendants have gone to great lengths to conceal their identities and often use multiple fictitious names, business names, and addresses to register and operate their network of Defendant Internet Stores. And so far, these actions have been successful because, despite Plaintiffs good faith attempts to identify Defendants, Plaintiffs are unable to reliably determine any of the Defendants' identities. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

35.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicates that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.[9]

36.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can

_____

[9] *See* Homeland Security, "Intellectual Property Rights: Fiscal Year 2012 Seizure Statistics," 2012, https://www.cbp.gov/sites/default/files/documents/FY2012%20IPR%20Seizure%20Statistics_0.pdf (last accessed August 28, 2017).

continue operation in spite of Plaintiffs' enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

37. Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Volkswagen and Audi Products into the United States, and Virginia, over the Internet. The Defendant Internet Stores offer shipping to the United States, including Virginia and, on information and belief, each Defendant has sold Counterfeit Volkswagen and Audi Products in the United States, including Virginia and this District.

38. Defendants' use of Plaintiffs' Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Volkswagen and Audi Products, including the sale of Counterfeit Volkswagen and Audi Products in the United States, including Virginia, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

### COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114)

39. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 38.

40. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of Plaintiffs' federally-registered Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Plaintiffs' Trademarks are distinctive marks.

41.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of Plaintiffs' Trademarks without Plaintiffs' permission.

42.     Volkswagen is the exclusive owner of the VW Trademarks, and Audi is the exclusive owner of the Audi Trademarks. Plaintiffs' United States registrations for their respective Plaintiffs' Trademarks (Exhibits 1-2) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiffs' rights in Plaintiffs' Trademarks, and are willfully infringing and intentionally using counterfeits of Plaintiffs' Trademarks. Defendants' willful, intentional, and unauthorized use of Plaintiffs' Trademarks is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Counterfeit Volkswagen and Audi Products among the general public.

43.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Plaintiffs have no adequate remedy at law and if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiffs' Trademarks.

45.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Volkswagen and Audi Products.

## COUNT II- FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

46.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 45.

47.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Volkswagen and Audi Products has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Counterfeit Volkswagen and Audi Products by Plaintiffs.

48.     By using Plaintiffs' Trademarks on the Counterfeit Volkswagen and Audi Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Volkswagen and Audi Products.

49.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Volkswagen and Audi Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

50.     Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the associated goodwill of the Volkswagen and Audi brands.

## COUNT III- TRADEMARK DILUTION
### (15 U.S.C. § 1125(C))

51.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 50.

52.     Plaintiffs' Trademarks have become famous and distinctive worldwide through Plaintiffs' decades of continuous and exclusive use in connection with Plaintiffs' products and services.

53.     Because Plaintiffs' products and services have gained a reputation for superior quality, durability, and performance, Plaintiffs' Trademarks have gained substantial renown.

54.     Defendants have willfully and intentionally used, and continue to use, Plaintiffs' Trademarks in connection with the advertisement, promotion, and sale of Defendants' products.

55.     Defendants' use of Plaintiffs' Trademarks has caused, and continues to cause, irreparable injury to and actual dilution of the distinctive quality of Plaintiffs' Trademarks in violation of 15 U.S.C. § 1125(c). Defendants' wrongful use of Plaintiffs' Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of Plaintiffs' Trademarks.

56.     Defendants have used, and continue to use, Plaintiffs' Trademarks willfully and with the intent to dilute Plaintiffs' Trademarks, and with the intent to trade on Plaintiffs' reputation and the goodwill inherent in Plaintiffs' Trademarks.

57.     As a direct and proximate results of Defendants conduct, Plaintiffs have suffered irreparable harm to Plaintiffs' Trademarks.

58.     Unless Defendants are enjoined, Plaintiffs' Trademarks will continue to be irreparably harmed and diluted. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' actions are allowed to continue.

59.     Defendants have used, and continue to use, Plaintiffs' Trademarks, or counterfeits thereof, willfully, and with the intent to dilute Plaintiffs' Trademarks and trade on Plaintiffs' reputation and goodwill. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

60.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Plaintiffs' Trademarks pursuant to 15 U.S.C. §1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment against Defendants as follows:

A.        That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Volkswagen or Audi Product or is not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Volkswagen or Audi Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

    c.  committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Volkswagen and Audi Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

    d.  further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill; and

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any Volkswagen or Audi

Trademark, including the Plaintiffs' Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

B. Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiffs' Trademarks; and

    b. disable and cease displaying any advertisements used by, or associated with, Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiffs' Trademarks.

C. That Defendants account for, and pay to Plaintiffs, all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D. In the alternative, that Plaintiffs be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiffs' Trademarks, and $4,000,000 for those Defendants that sell both Volkswagen and Audi Counterfeit goods.

E. That Plaintiffs be awarded their reasonable attorneys' fees and costs.

F. Award any and all other relief that this Court deems just and proper.

Date: December 11, 2017                     Respectfully submitted,

                                   /s/ *Daniel E. Yonan*

Daniel E. Yonan (VSB No. 46019)

Monica Riva Talley (VSB No. 41840)

Michael D. Specht (VSB No. 42410)

Daniel S. Block (*pro hac pending*)

STERNE KESSLER GOLDSTEIN & FOX, PLLC

1100 New York Ave., N.W., Suite 600

Washington, DC 20005-3934

Telephone No.: (202) 371-2600

Facsimile No.: (202) 371-2540

dyonan@skgf.com

mtalley@skgf.com

mspecht@skgf.com

dblock@skgf.com

*Attorneys for Plaintiffs*
*Volkswagen AG, Audi AG, and*
*Volkswagen Group of America, Inc.*

## VERIFICATION OF COMPLAINT

Dana A. Cizmadia, under penalty of perjury of the laws of the United States declares:

That she is employed by Volkswagen Group of America, Inc. as a Brand Protection and Marketing Compliance Specialist; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed on December[ ], 2017.

Dana A. Cizmadia
Compliance Specialist
VOLKSWAGEN Group of America, Inc.